IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL AND MARGARET MACKRELL** <br> 47090 Peck Wadsworth Road <br> Wellington, OH 44090 <br><br> Plaintiffs <br><br> -vs- <br><br> **U.S. DEPARTMENT OF VETERANS AFFAIRS,** <br> **acting by and through its SECRETARY,** <br> **ROBERT WILKIE** <br> ℅ U.S. Attorney William Barr, Esq. <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20530 <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: <br><br> JUDGE: <br><br><br><br><br><br> **COMPLAINT FOR DECLARATORY** <br> **JUDGMENT** |

NOW COME Plaintiffs Michael and Margaret MacKrell, by and through counsel, and for their Complaint, state as follows:

1. At all times relevant hereto, Plaintiffs were and remain residents of Lorain County, Ohio.

2. At all times relevant hereto, Plaintiff Michael MacKrell is and remains a "veteran" as that term is defined by 38 USC section 101(2).

3. At all times relevant hereto, Defendant, the Department of Veterans Affairs, is an independent agency of the government of the United States of America, which administered veterans benefits to Mr. MacKrell.

## JURSIDICTON AND VENUE

4. Jurisdiction is established in this Court by 28 U.S.C. section 1491 which confers jurisdiction on this court to render judgment upon any claim against the United States founded upon an act of Congress or a regulation of an executive department, such as the Department of Veterans Affairs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(e) since plaintiffs reside herein and a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.

## FACTUAL BACKGROUND TO THIS DISPUTE

6. Plaintiff hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

7. Plaintiff Michael Mackrell was a U.S. Marine in good standing from 2001 to 2006.

8. Mr. Mackrell sustained a back injury during active duty in Kuwait in support of combat operations in 2003. He underwent his first back surgery in October, 2006 at the Cleveland Clinic. This surgery did not relieve Mr. Mackrell's back pain. Records from the Cleveland Clinic document clearly that Mr. Mackrell had low back complaints with radicular pain into the right lower extremity both before and after the October, 2006 surgery.

9. Mr. Mackrell underwent a second back surgery on June 7, 2016.

10. Before the June 7, 2016 surgery, Mr. Mackrell had already been rated as 80% disabled by the U.S. Department of Defense, pursuant to Title 38 U.S.C. section 5305.

11. The June 7, 2016 surgery was intended to fix his ongoing back problem but it also was not successful. Instead, the June 7, 2016 surgery exacerbated Mr. Mackrell's preexisting back injury.

12. Mr. MacKrell underwent a third back surgery in October, 2017, but that was not successful, either.

13. Mr. Mackrell's complaints of low back pain and right-sided radicular pain date back to 2003 and continue unabated to this day. Mr. Mackrell currently retains the same disability rating that he had before the June 7, 2016 surgery. Further, his back pain was not resolved by the October, 2006 back surgery, the June 7, 2016 back surgery or the October, 2017 back surgery.

14. The Mackrells contended that Mr. Mackrell's preexisting back condition was aggravated as a result of negligent surgical care during the June 7, 2016 surgery. The Mackrells filed suit against their surgeon, William Bohl, M.D., on August 6, 2018 in the Cuyahoga County Court of Common Pleas in a case captioned *MacKrell v. St. Vincent Charity Hospital, et al.*, Cuy. Cty. C.C.P. Case No. CV-18-901732.

15. By letter dated December 3, 2018, the Department of Navy put Mr. MacKrell on notice of its right of recovery from proceeds of the state court action pursuant to the Medical Care Recovery Act, 42 U.S.C. sections 2651-2653 and the Third Party Payers Act, 10 U.S.C. section 1095.

16. By letter dated March 5, 2020, the Department of Veterans Affairs, through its Collection National Practice Group, asserted a right to recover $262,294.65 from proceeds of the state court action. This is the amount in controversy in the present action.

17. The state court action was resolved in total in July, 2020 for $650,000.00.

18. The settlement amount of $650,000.00 reflects a compromised value. As a percentage of the total recoverable damages, the settlement is discounted to 17% to 22% of the total recoverable damages.

19. Further, the settlement was reduced by attorney fees and case expenses incurred as part of the litigation and settlement process in the state court action. Total legal fees were $227,500. In addition, the total case expenses were $9,953.21.

20. The parties attempted to resolve this dispute through negotiations but have reached an impasse. In the course of those discussions, the Department of Veterans Affairs clarified that it was seeking recovery pursuant to the provisions of 42 USC section 2651, 38 USC section 1729 and 38 CFR section 17.47.

### COUNT ONE – DECLARATORY JUDGMENT

21. Plaintiff hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

22. Plaintiffs seek a declaration of their rights pursuant to the Administrative Procedure Act, 5 U.S.C. section 701, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. section 2201.

23. Initially, Plaintiffs seek a declaration that the Department of Veterans Affairs does not have a legal right of recovery under the unique facts of this dispute, to wit, where a veteran settles a medical malpractice claim arising out of negligent medical or surgical treatment of a preexisting service-connected disability that results in exacerbation or aggravation of that condition. More specifically, Plaintiffs seek a declaration that:

    a. Mr. Mackrell's back condition originated as a service-connected disability acquired during active duty in 2003.

    b. Mr. Mackrell's back condition was aggravated or exacerbated by surgical negligence on June 7, 2016.

    c. Mr. Mackrell's disability rating before and after the June 6, 2016 surgery remains unchanged.

    d. There is no quantitative measure to apportion Mr. Mackrell's current disability between his preexisting service-connected disability and the aggravation or exacerbation of that condition caused by the surgical negligence that occurred on June 7, 2016.

    e. The right of recovery under 42 U.S.C. section 2651 does not apply to medical expenses incurred by the VA in treating "an eligible veteran for a service-connected disability …."

    f. The right of recovery under 38 CFR section 17.47 applies solely to medical expenses incurred by the VA in treating an eligible veteran for "nonservice-connected disabilities."

    g. Neither 42 U.S.C. section 2651 nor 38 CFR section 17.47 provide for a right of recovery for either aggravation or exacerbation of a service-connected disability or when there is a combined service-connected and nonservice-connected disability.

    h. All of the $262,294.65 in medical expenses incurred by the VA and made the subject of this controversy were incurred in treating an eligible veteran for a service-connected disability or aggravation or exacerbation of a service-connected disability.

  i. 38 USC section 1729(a)(2)(A)-(E) enumerates five categories of third-party claims from which the Department of Veterans Affairs is entitled to recover expenses paid on behalf of a veteran, none which include medical malpractice claims.

  j. 42 USC section 2651 and 38 USC section 1729 are in conflict in that 42 USC section 2651 authorizes the United States government to recover from medical malpractice claims, while 38 USC section 1729 does not.

  k. Applying accepted principles of statutory construction, the plain language of 38 USC section 1729, which does not authorize the VA to recover from veteran's medical malpractice claim, must be given effect. *Veneklase v. Bridgewater Condos, LLC*, 670 F.3d 705 (6th Cir. 2012) (there is a fundamental principle that, to the extent possible, the rules of statutory construction require courts to give meaning to every word and clause in a statute).

  l. Further, the more specific application of 38 USC section 1729 to veterans trumps the general provisions of 42 U.S.C. section 2651 which apply to all claimants. *Edmond v. United States,* 520 U.S. 651, 657, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997)("where a specific provision conflicts with a general one, the specific governs").

  m. Based on the foregoing, the Department of Veterans Affairs does not have a right of recovery from the settlement proceeds of the Mackrells' state court medical malpractice action.

24. If this Court determines that the Department of Veterans Affairs does have a legal right of recovery from the proceeds of the Mackrells' medical malpractice claim, Plaintiffs seeks a declaration of the amount that the Department of Veterans Affairs is entitled to recover after applying the equitable principles set forth in *Cockerham v. Garvin*, 768 F.2d 784, 787 (6th Cir. 1985). More specifically, Plaintiffs seek a declaration that:

  a. Plaintiffs recovery of $650,000 in the medical malpractice action captioned *MacKrell v. St. Vincent Charity Hospital, et al.*, Cuy. Cty. C.C.P. Case No. CV-18-901732 is discounted as the result of a settlement compromise.

  b. Mr. MacKrell's economic losses were estimated at $2,110.000 to $2,604,000, with loss of services estimated at $250,000. Applying Ohio's caps on noneconomic damages, Mr. MacKrell was entitled to general damages capped at

damages capped at $350,000, while Mrs. MacKrell would be entitled to loss of consortium damages of $250,000. Adding in the VA's "lien" amount of $262,294.65, the MacKrells actual damages ranged from $3,222,294.65 to $3,716,294.65. The settlement amount, $650,000, is discounted to 17-20% of the actual damages.

    c.    The costs of recovery (attorneys fees and case expenses) equal 37% of the total recovery.

    d.    Applying these equitable adjustments to the total recovery sought by the Department of Veterans Affairs, $262,294.65, that amount should be equitably reduced on a pro rata basis to 17-20% of the actual amount, or $44,590.09 to $52,458.93, to reflect the discounted settlement. Further, the pro rata apportionment should be equitably reduced by the costs of recovery, 37%, to $16,498.33 to $19,409.80.

25.    Plaintiffs further seek costs and attorneys fees as allowed by the Equal Access to Justice Act, 28 U.S.C. section 2412.

WHEREFORE, Plaintiffs pray for a declaratory judgment against the Defendants, as set forth herein, plus fees and costs as allowed, and such other remedies as may be allowed at law or equity.

        Respectfully submitted,

        */s/ David A. Kulwicki, Esq.*
        David A. Kulwicki, Esq. (0041106)
        MISHKIND KULWICKI LAW CO., L.P.A.
        25550 Chagrin Blvd., #245
        Cleveland, Ohio 44122
        Phone: 216-595-1900/Fax: 216-595-1633
        dkulwicki@mishkindlaw.com
        Attorney for Plaintiffs